HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT
                                   WESTERN DISTRICT OF WASHINGTON
8                                             AT TACOMA

9   VLADIMIR SYVYY and LYDIA SYVYY,          No. C10-5073-RBL
    individuals,

10
                          Plaintiffs,

11
           v.                                ORDER ON DEFENDANT
                                             WAWRZYCKI'S MOTION TO
12   MICHAEL WAWRZYCKI, in his individual    DISMISS [Dkt. #23]
     and official capacity; UNKNOWN
13   IMMIGRATION AND CUSTOMS AGENTS
     JOHN DOE 1-10, in their individual capacity;
14   PIERCE COUNTY; UNKNOWN PIERCE
     COUNTY SHERIFF'S DEPUTIES JOHN
15   DOE 1-10, in their individual capacity; KING
     COUNTY; UNKNOWN KING COUNTY
16   SHERIFF'S DEPUTIES JOHN DOE 1-10, in
     their individual and official capacity; CITY OF
17   ORTING; MATTHEW ELLER, in his
     individual and official capacity,
18
                          Defendants.
19

20

21                                  I.   INTRODUCTION

22          THIS MATTER is before the Court upon Defendant Wawrzycki's Motion to Dismiss

23   Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. #23].  Defendant argues that

24   Plaintiffs' claims are time-barred by the three year statute of limitations period applied to *Bivens*

25   actions in Washington state.  In response, Plaintiffs argue that the statute of limitations was

26   tolled pursuant to RCW 4.96.020(4) and, therefore, the claims are timely.  For the following

27   reasons, Defendant Wawrzycki's Motion to Dismiss is granted in part and denied in part.

28

## II.  BACKGROUND

Plaintiffs Vladimir and Lydia Syvyy assert that on December 7, 2006, Federal Officer Defendant Wawrzycki, along with two other United States Immigration and Customs Enforcement Agents and additional county officers, entered Plaintiffs' personal residence illegally and without authority.  Plaintiffs also assert that Defendants seized them illegally and without authority and used excessive force on Plaintiff Vladimir Syvyy.

On December 4, 2009, Plaintiff Vladimir Syvyy[1] filed and served several pre-suit tort claim forms.  The tort claim forms included 1) Standard Form 210, served on the Office of Financial Management Risk Division pursuant to Chapter 4.92 RCW; 2) King County Electronic Claim for Damages Form, served on the Department of Executive Services Risk Management Division pursuant to Chapter 4.96 RCW; 3) Pierce County Claim Form, served on the Pierce County Risk Management Department pursuant to Chapter 4.96 RCW; and 4) Standard Form 95, served on the Department of Homeland Security, U.S. Immigration & Customs Enforcement pursuant to 28 C.F.R. § 14.2.  Defendant Wawrzycki worked for U.S. Immigration and Customs Enforcement.

On February 3, 2010, Plaintiffs filed this lawsuit, asserting a 42 U.S.C. § 1983[2] claim against Defendant Wawrzycki as joint actor with state law enforcement acting under color of state law, and a *Bivens*[3] claim against him individually for violation of Plaintiffs' Fourth and Fifth Amendment rights.

## III.  ANALYSIS

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Review is limited to the content of the

---

[1] The court has no record of Plaintiff Lydia Syvyy submitting any pre-suit tort claim forms.

[2] In the Complaint [Dkt. #1], Plaintiffs specifically assert a claim under 42 U.S.C. § 1981 against Defendant Wawrzycki, and generally assert a claim under § 1983.

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392, 393, 91 S.Ct. 1999 (1971).

complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. *See* 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." *Id.* at 555. The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 570.

**A.    Claims Brought Under 42 U.S.C. § 1983 and *Bivens***

Plaintiffs bring claims against Defendant Wawrzycki under both 42 U.S.C. § 1983 and *Bivens*. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Id.* Therefore, § 1983 applies only to actions against state actors. The relevant portion of § 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983. Federal actors may be sued in their individual capacity under *Bivens*. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

Although claims under 42 U.S.C. § 1983 apply only to individuals acting under color of state law, federal employees can act under color of state law if they conspire or act in concert with state officials to deprive a person of his or her rights. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). The Ninth Circuit defines actions under color of state law as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law…" *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)).

Plaintiffs argue that both § 1983 and *Bivens* claims apply because, although Defendant Wawrzycki is a federal officer, he acted as a joint actor with state law enforcement and, therefore, acted under color of state law. Defendant Wawrzycki argues that only *Bivens* applies because he was a federal officer acting under color of federal law. Because Plaintiffs claim that Defendant Wawrzycki acted under color of state law, the court will look individually at Plaintiffs' *Bivens* and § 1983 claims to determine if either are time-barred.

**B.      Statute of Limitations and Tolling Under *Bivens***

Under *Bivens*, the federal courts have inherent authority to award damages to plaintiffs whose federal constitutional rights were violated by federal officers. 403 U.S. at 395. The law of the forum state determines the statute of limitations for a *Bivens* action. *Papa v. United States*, 281 F.3d 1004, 2009 (9th Cir. 2002). The applicable statute-of-limitations for a *Bivens* action arising in Washington State is the three year limitations period under RCW 4.16.080(2). *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The law of the forum state also provides tolling provisions for a *Bivens* action. *Papa*, 281 F.3d at 1009. Under federal law, "[a] *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2002).

Here, Plaintiffs filed their *Bivens* claim against Defendant Wawrzycki on February 3, 2010, which was after the lapse of the three year statute of limitations provided by RCW 4.16.080(2). However, because federal courts also borrow tolling provisions from the forum state, the question becomes whether the statute of limitations for the *Bivens* action against Defendant Wawrzycki was tolled. Plaintiffs do not specifically identify which tolling provision they claim applies.

The tolling provision under RCW 4.96.020[4] did not toll the statute of limitations on Plaintiffs' *Bivens* action because a *Bivens* action applies to federal actors and RCW 4.96.020 applies only to state actors. In *Matthews v. Macanas*, the plaintiffs appealed dismissal of their

---

[4] RCW 4.96.020(4) provides that the statute of limitations is tolled during pendency of a 60 day pre-claim notice under RCW 4.96. Plaintiffs also filed a pre-claim notice under RCW 4.92, which contains a similar tolling provision under RCW 4.92.110.

constitutional tort action brought against federal officers under *Bivens*. 990 F.2d 467, 468 (9th Cir. 1993), *abrogated on other grounds as stated in Pascual v. Matsumura*, 165 F.Supp.2d 1149, 1151 (D.Haw. 2001). The plaintiffs filed suit after the statute of limitations period had run, but they argued that a state statute tolled the limitations period. *See id.* at 469. The statute stated that "the applicable statute of limitations shall be tolled in a related civil damage action against a 'peace officer' during the time the plaintiff's criminal charges are pending." *Id.* However, the court reasoned that because federal officers were not "peace officers" under the state law definition, the tolling provision did not apply to the federal officers. *Id.*

Similarly, RCW 4.96.020 applies to "claims for damages against all local governmental entities and their officers, employees, or volunteers…." RCW 4.96.020(1). The tolling provision, therefore, does not apply to a Federal Immigration and Customs Agent such as Defendant Wawrzycki, being sued as a federal officer under *Bivens*.

Plaintiffs also filed Standard Form 95, which is a pre-suit tort claim under 28 C.F.R. § 14.2, and which applies to claims asserted against the United States under the Federal Tort Claims Act ("FTCA"). *See* 28 C.F.R. § 14.1. The applicable statute of limitations for filing Standard Form 95 reads, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues…." 28 U.S.C. § 2401(b). Plaintiffs filed Standard Form 95 on December 4, 2009, which was more than two years after the claim accrued on December 7, 2006. Therefore, regardless whether the tolling provision under 28 C.F.R. § 14.2 may toll the limitations period on a *Bivens* action, Plaintiffs may not rely on the tolling provision because the Standard Form 95 was not filed within the requisite two year statute of limitations.

Finally, although the statute of limitations for filing a *Bivens* action may be equitably tolled, or tolled by fraudulent concealment or equitable estoppel, those doctrines are not applicable here. Plaintiffs explicitly state that the doctrines of equitable tolling and fraudulent concealment are not at issue in this case [Dkt. #29]. Furthermore, equitable estoppel requires action taken by a defendant to prevent a potential plaintiff from filing suit. *See Johnson v.*

*Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).  Here, no such misconduct has been alleged, and no facts have been asserted that would make the doctrine of equitable estoppel applicable.

Nothing intervened to toll the applicable statute of limitations.  Defendant Wawrzycki's Motion to Dismiss Plaintiffs' *Bivens* action against him is GRANTED and that claim is dismissed.

**C.    Statute of Limitations and Tolling Under 42 U.S.C. § 1983**

For federal court claims brought under 42 U.S.C. § 1983, state law determines the statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Specifically, federal courts look to the state court's "general or residual personal injury statute of limitations."  *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  It is undisputed that the relevant Washington statute for § 1983 actions is RCW 4.16.080(2), which provides a three year limitations period.  In this case, Plaintiffs filed suit more than three years after their claims arose on December 7, 2006.

For § 1983 claims brought in federal court, state law also governs "closely related questions of tolling."  *Wilson*, 471 U.S. at 269.  Plaintiffs argue that, under RCW 4.96.020(4), serving the pre-suit forms tolled the statute of limitations for an additional sixty days and, consequently, the complaint was timely filed.  The relevant portion of the statute reads as follows:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020(4).

Defendant argues that Plaintiffs' claims were not tolled because RCW 4.96.020 is a state statute applying to state and local actors.  Therefore, the issue before the Court is whether the tolling provision of RCW 4.96.020(4) applies to toll the statute of limitations of a § 1983 claim

ORDER - 6

when the defendant was a federal officer allegedly acting under color of state law.  The Court concludes that it does.

Although federal courts prohibit states from imposing additional prerequisites to § 1983 suits, federal courts may borrow tolling provisions from state law in § 1983 suits.  *See Wyant v. Lynnwood*, 621 F.Supp.2d 1108, 1111 (W.D.Wash. 2008).  In *Wyant*, the plaintiff filed his pre-suit tort claim under RCW 4.96.020 within the three year limitations period, and the plaintiff filed his § 1983 court claim three years and sixty-one days after his claim accrued.  *See id.* at 1111-12.  The court held that the tolling provision of RCW 4.96.020(4) applied to § 1983 suits and, therefore, the plaintiff timely filed suit.  *Id.* at 1113.  The *Wyant* court relied on a Ninth Circuit decision that addressed whether tolling provisions were preempted in § 1983 federal court claims.  *See Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  In *Harding*, the court concluded that the § 1983 federal action against peace officers could be tolled by a state statute that tolled the statute of limitations on civil actions until resolution of criminal charges against the plaintiff.  889 F.2d at 907-08.  Here, similarly to *Wyant*, Plaintiffs also filed pre-suit tort claims under RCW 4.96.020 within the three year limitations period and filed § 1983 court claims three years and sixty-two days after their claim accrued.  Therefore, because the statute of limitations on a § 1983 claim may be tolled when a pre-suit tort claim is filed under RCW 4.96.020, Plaintiffs' § 1983 claim is timely.

While RCW 4.96.020 did not toll the statute of limitations for the *Bivens* claim because Defendant Wawrzycki was being sued as a federal actor, under the § 1983 claim he is being sued as a federal officer acting under color of state law.  Therefore, because Plaintiffs argue Defendant Wawrzycki acted under color of state law, he may be considered a state actor for purposes of the tolling provision under RCW 4.96.020.

## IV.  CONCLUSION

Plaintiffs' § 1983 claim was timely filed because the statute of limitations was tolled under RCW 4.96.020(4), and Plaintiffs' *Bivens* claim is time-barred because it was not filed within the requisite three year statute of limitations and nothing intervened to toll the limitation.  Therefore, Defendant Wawrzycki's Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ.

P. 12(b)(6) [Dkt. #23] is GRANTED in regard to the *Bivens* claim and DENIED in regard to the § 1983 claim.

Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2010.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE