HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VLADIMIR SYVYY and LYDIA SYVYY, individuals,<br><br>                         Plaintiffs,<br><br>      v.<br><br>MICHAEL WAWRZYCKI, in his individual and official capacity; UNKNOWN IMMIGRATION AND CUSTOMS AGENTS JOHN DOE 1-10, in their individual capacity; PIERCE COUNTY; UNKNOWN PIERCE COUNTY SHERIFF'S DEPUTIES JOHN DOE 1-10, in their individual capacity; KING COUNTY; UNKNOWN KING COUNTY SHERIFF'S DEPUTIES JOHN DOE 1-10, in their individual and official capacity; CITY OF ORTING; MATTHEW ELLER, in his individual and official capacity,<br><br>                         Defendants. | No. C10-5073-RBL<br><br>ORDER ON DEFENDANTS CITY OF ORTING AND MATTHEW ELLER'S MOTION TO DISMISS [Dkt. #32] |

## I.   INTRODUCTION

THIS MATTER is before the Court on Defendants City of Orting and Matthew Eller's 12(b)(6) Motion to Dismiss [Dkt. #32]. Defendants City of Orting and Eller argue that Plaintiffs failed to state a claim upon which relief can be granted because they did not file their lawsuit within the relevant three year limitations period. In addition, Defendant City of Orting argues that it cannot be vicariously liable under 42 U.S.C. § 1983 for Defendant Eller's alleged actions. For the following reasons, Defendants City of Orting and Eller's Motion to Dismiss is DENIED.

ORDER - 1

## II. BACKGROUND

Plaintiffs Vladimir and Lydia Syvyy assert that on December 7, 2006, Defendant Eller, along with three United States Immigration and Customs Enforcement Agents and additional county officers, entered Plaintiffs' personal residence illegally and without authority. Plaintiffs also assert that Defendant agents and officers seized them illegally and without authority and used excessive force on Plaintiff Vladimir Syvyy.

On December 4, 2009, Plaintiff Vladimir Syvyy[1] filed and served several pre-suit tort claim forms. The relevant tort claim forms included 1) Standard Form 210, served on the Office of Financial Management Risk Division pursuant to Chapter 4.92 RCW, and 2) Pierce County Claim Form, served on the Pierce County Risk Management Department pursuant to Chapter 4.96 RCW.

On February 3, 2010, Plaintiffs filed this lawsuit asserting a 42 U.S.C. § 1983[2] claim against Defendant Eller. They claim Eller, acting under color of law, violated Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiffs also assert §§ 1981 and 1983 claims against Defendant City of Orting, arguing it is vicariously liable for the actions of its agent, Eller.

## III. ANALYSIS

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. *See* 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). He must instead "provide the grounds of his entitlement to relief, which requires more

---

[1] There is no evidence Plaintiff Lydia Syvyy submitted any pre-suit tort claim forms.

[2] In the Complaint [Dkt. #1], Plaintiffs specifically assert a claim under 42 U.S.C. § 1981 against Defendant Eller and generally assert a claim under § 1983.

than labels and conclusions." *Id.* at 555.   The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 570.

### A. Statute of Limitations and Tolling Under 42 U.S.C. § 1983

For federal court claims brought under 42 U.S.C. § 1983, state law determines the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Specifically, federal courts look to the state court's "general or residual personal injury statute of limitations." *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). It is undisputed that the relevant Washington statute for § 1983 actions is RCW 4.16.080(2), which provides a three year limitations period.  In this case, Plaintiffs filed suit more than three years after their claims arose on December 7, 2006.

For § 1983 claims brought in federal court, state law also governs "closely related questions of tolling." *Wilson*, 471 U.S. at 269.  Plaintiffs argue that, under RCW 4.96.020(4), serving the pre-suit forms tolled the statute of limitations for an additional sixty days and, consequently, the complaint was timely filed.  The relevant portion of the statute reads as follows:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020(4).

Defendants argue that the tolling provision is not applicable because Plaintiffs were not *required* to file a notice of claim pursuant to Chapter 4.96 RCW. The issue before the Court is whether the tolling provision of RCW 4.96.020(4) applies to toll the statute of limitations of a § 1983 claim. The Court concludes that it does.

Although federal courts prohibit states from imposing additional prerequisites to § 1983 suits, federal courts may borrow tolling provisions from state law in § 1983 suits. *See Wyant v.*

*Lynnwood*, 621 F.Supp.2d 1108, 1111 (W.D.Wash. 2008).  In *Wyant*, the plaintiff filed his pre-suit tort claim under RCW 4.96.020 within the three year limitations period, and the plaintiff filed his § 1983 court claim three years and sixty-one days after his claim accrued.  *See id.* at 1111-12.  The court held that the tolling provision of RCW 4.96.020(4) applied to § 1983 suits and, therefore, the plaintiff timely filed suit.  *Id.* at 1113.  The *Wyant* court relied on a Ninth Circuit decision addressing whether tolling provisions were preempted in § 1983 federal court claims.  *See Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  In *Harding*, the court concluded that the § 1983 federal action against peace officers could be tolled by a state statute that tolled the statute of limitations on civil actions until resolution of criminal charges against the plaintiff.  889 F.2d at 907-08.  Here, Plaintiffs filed pre-suit tort claims under RCW 4.96.020 within the three year limitations period, and filed their § 1983 lawsuit three years and sixty-two days after their claim accrued.  Therefore, because the statute of limitations on a § 1983 claim may be tolled when a pre-suit tort claim is filed under RCW 4.96.020, Plaintiffs' § 1983 claim is timely.

Defendants Eller and City of Orting argue that the tolling provision does not apply because Plaintiffs were not required to file a pre-suit tort claim pursuant to Chapter 4.96 RCW.  The *Wyant* court acknowledged that, under *Felder v. Casey*[3], the requirement in Chapter 4.96 RCW of filing a pre-suit tort claim does not apply to federal court  § 1983 claims.  *See* 621 F.Supp.2d at 1111.  However, the court also said that "*Harding* compels the court to conclude that federal law requires the application of the tolling provision of RCW 4.96.020(4)."  Enforcing the tolling provision advances the goals of both the state and congress by encouraging "plaintiffs to make such claims by ensuring that the clock will not run on their right to sue."  *See id.* at 1112.  If a plaintiff chooses to provide notice to the state or county through the use of a pre-suit tort claim, as Plaintiffs have done here, the tolling provision will then apply.

**B.     Vicarious Liability and 42 U.S.C. § 1983**

Defendant City of Orting is correct that it cannot be held vicariously liable for Defendant Eller's allegedly unconstitutional actions.  In order to hold the City of Orting liable for

---

[3] 487 U.S. 131, 140, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

Defendant Eller's alleged violations, the City itself must have caused the constitutional deprivation.  *See Monell v. DSHS of New York*, 436 U.S. 658, 691, 98 Sup. Ct. 2018 (1978); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).  In a § 1983 claim, "a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*."  *Gillette*, 979 F.2d at 1346.  For that reason, the Plaintiffs' "vicarious liability" action against the City is dismissed under Rule 12(b)(6).

To establish municipal liability under § 1983 for the actions of employees, Plaintiffs must prove one of the following: 1) that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government; 2) that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy; or 3) that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.  *Id.* at 1346-47.

Plaintiffs concede that there is a high factual threshold for bringing suit against a municipality for the unconstitutional actions of its law enforcement agents.  However, they argue that Rule 12(b)(6) also sets a high threshold, and that facts must be construed in the light most favorable to the non-moving party.  Plaintiffs argue that, hypothetically, the City of Orting could be liable under the third criterion in *Gillette* and that the relevant facts remain to be discovered.

Although Plaintiffs did not use the accurate term to claim municipal liability against Defendant City of Orting, Plaintiffs are correct that Rule 12(b)(6) sets a high standard for dismissal.  Under *Gillette*, it is possible Plaintiffs could show that a City of Orting official with policy-making authority ratified Defendant Eller's allegedly unconstitutional decision or action and the basis for it.  Accordingly, Plaintiffs do not fail to make a claim upon which relief may be granted, and the City of Orting's Motion to Dismiss Plaintiffs' *Monell* claim is DENIED.

1  Defendant City of Orting and Eller's Motion to Dismiss is DENIED.

2  **IT IS SO ORDERED.**

3  Dated this 19th day of July, 2010.

     RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE